**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Darlene McGruder POOLE,**
**Defendant–Appellant.**

**No. 10–20050**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 22, 2010.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Carmen Roe, Esq., Houston, TX, for Defendant–Appellant.

Before GARWOOD, PRADO and HAYNES, Circuit Judges.

PER CURIAM: *

Darlene McGruder Poole appeals her January 2010 nine-month sentence, which the district court imposed after she pleaded guilty to one count of conspiracy to commit mail and wire fraud. The presentence report (PSR) assigned Poole a single criminal history point pursuant to U.S.S.G. § 4A1.1(c) for her January 4, 2008 sentence to two years of deferred adjudication probation in Texas for theft of $1,500 to $20,000 of property. The PSR added two criminal history points pursuant to § 4A1.1(d) because Poole was on probation for the same theft offense at the time that she committed the instant offense of conspiracy. With a total offense level of nine and a criminal history category of II, her guideline range of imprisonment was six to 12 months. See U.S.S.G. Ch.5, Pt.A (sentencing table).

Poole argues that the application of the advisory Sentencing Guidelines in her case violated the Due Process Clause of the Fifth Amendment because the Guidelines "double counted" her only prior criminal conviction by assessing one criminal history point for the prior offense and two additional points because she committed the instant offense while serving probation for the prior offense.[1] Plain error review applies because Poole failed to present her Fifth Amendment argument to the district court. *United States v. Martinez*, 496 F.3d 387, 389 (5th Cir.2007); *see also Puckett v. United States*, —— U.S. ——, ——, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009) (plain error standard). We have repeatedly held that the advisory guideline system comports with the Fifth Amendment's Due Process Clause. *See United States v. Austin*, 432 F.3d 598, 599–600 (5th Cir.2005); *United States v. Scroggins*, 411 F.3d 572, 576–77 (5th Cir.2005). Poole's only argument on appeal is therefore foreclosed.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Had Poole's prior conviction not been "double counted" as she complains of, she contends that her advisory guidelines range would have been four to 10 months, instead of six to 12 months. Thus, her nine month sentence falls within what she contends is the correct advisory guideline range. *See United States v. Jasso*, 587 F.3d 706, 713–14 (5th Cir.2009).