UNITED STATES of America, Plaintiff–Appellee

v.

Ricardo GUERRERO–CAMPOS, Defendant–Appellant.

No. 10–50284

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 23, 2010.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Assistant Federal Public Defender, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Ricardo Guerrero–Campos appeals the 48–month sentence imposed following his guilty plea conviction for being found unlawfully in the United States after deportation in violation of 8 U.S.C. § 1326. He contends that the district court plainly erred when it assessed three criminal history points for his prior burglary and attempted rape convictions. Specifically, he argues that because these convictions resulted in a prior sentence of six months of imprisonment, only two criminal history points should have been assessed pursuant to U.S.S.G. § 4A1.1(b). Because Guerrero–Campos did not object to the calculation of his criminal history category in the district court, our review is limited to plain error. *See United States v. Alvarado-Santilano,* 434 F.3d 794, 795 (5th Cir. 2005).

In calculating a defendant's criminal history category, § 4A1.1 directs the district court to add three points for each prior sentence of imprisonment exceeding one year and one month, two points for each prior sentence of at least sixty days not counted in subsection (a), and one point for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

each prior sentence not counted in subsections (a) or (b). § 4A1.1(a)–(c). The language of § 4A1.1 is plain and unambiguous and does not appear to be subject to interpretation. Because the sentences imposed for Guerrero–Campos's prior burglary and attempted rape convictions did not exceed one year and one month, the district court committed error that was clear or obvious when it assessed three criminal history points pursuant to § 4A1.1(a). *See United States v. Leonard,* 157 F.3d 343, 345–46 (5th Cir.1998) (finding plain error, even in the absence of controlling authority, where the pertinent guidelines were clear and unambiguous).

Had the district court properly applied § 4A1.1, Guerrero–Campos's criminal history category would have been II instead of III. Employing a criminal history category of II and a total offense level of 21, Guerrero–Campos's guidelines imprisonment range would have been 41 to 51 months instead of 46 to 57 months.

When, as here, the sentence imposed "falls inside both the correct and incorrect guidelines ranges, we have shown considerable reluctance in finding a reasonable probability that the district court would have settled on a lower sentence." *United States v. Blocker,* 612 F.3d 413, 416 (5th Cir.), *cert. denied,* —— U.S. ——, 131 S.Ct. 623, 178 L.Ed.2d 452 (2010) (internal quotation marks and citations omitted). In such cases, "we do not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights." *Id.*

The district court considered and rejected Guerrero–Campos's request for a downward variance and chose not to sentence him at the bottom of the guidelines range. Because Guerrero–Campos has failed to show that the district court could not impose the same sentence on remand or that there is a reasonable probability that, but for the error, his sentence would have been lower, he cannot show plain error. *See id.* at 416–17; *United States v. Jasso,* 587 F.3d 706, 713–14 (5th Cir.2009). Accordingly, the district court's judgment is AFFIRMED.