**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2011

Lyle W. Cayce
Clerk

No. 10-10635
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO LUGO-OROSCO,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-11-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Francisco Lugo-Orosco appeals the sentence imposed following his guilty

plea conviction of illegal reentry into the United States after deportation.  Pursu-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ant to the November 1, 2009, edition of the sentencing guidelines, Lugo-Orosco's advisory guidelines range was 77 to 96 months of imprisonment. Finding that his criminal history category of VI substantially under-represented the seriousness of his criminal history and his likelihood of recidivism, the district court imposed a 120-month sentence based on an upward departure under U.S.S.G. § 4A1.3.

Lugo-Orosco challenges his sentence on the ground that the court departed upwardly under § 4A1.3 only because it granted him credit for acceptance of responsibility under § 3E1.1. Lugo-Orosco contends that the court erred by doing so because the inquiry whether a criminal history is under-represented for purposes of § 4A1.3 is independent of the question whether the defendant has accepted responsibility for purposes of § 3E1.1. Generally, this court reviews a district court's interpretation and application of the guidelines *de novo* and its factual findings for clear error. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). A decision to depart upward and the extent of the departure generally are reviewed for abuse of discretion. *Id.* at 347.

The reasons given by the district court for the § 4A1.3 departure, including its statements that Lugo-Orosco's criminal history reflected a disregard for the law, a pattern of habitual criminal conduct, and an unwillingness to change his behavior, establish that the court believed Lugo-Orosco's criminal history category substantially under-represented the seriousness of his criminal history and his likelihood of recidivism. The record does not support Lugo-Orosco's assertion that the court had a different opinion regarding his criminal history at the beginning of the sentencing hearing or that the court's opinion changed based on its awarding of the acceptance-of-responsibility adjustment. Additionally, the court's increase of Lugo-Orosco's offense level, rather than his criminal history category, in formulating the departure was proper pursuant to the procedure set forth under § 4A1.3(a)(4)(B) for structuring upward departures from a criminal history category of VI.

Lugo-Orosco also contends that the court erred in departing upward because his criminal history category of VI did not under-represent his criminal history. Relying on two circumstances—an error by the district court in calculating his criminal history score and an amendment to the guidelines after his sentencing hearing—Lugo-Orosco contends that the Sentencing Commission's own determinations and empirical research establish that he should have been sentenced based on a criminal history category of V.

Regarding the miscalculation of his criminal history score, Lugo-Orosco contends that a sentence imposed for a conviction he sustained in 1998 should not have been assessed one criminal history point, because it fell outside the time period set forth under § 4A1.2(e) for counting it as a prior sentence. That argument is reviewed under the plain-error standard, because it is raised for the first time on appeal. *See United States Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Pursuant to § 4A1.2(e), adult sentences of 13 months or less are scored only where they were imposed within 10 years of the defendant's commencement of the instant offense. § 4A1.2(e)(2), (3); *see United States v. Arviso-Mata*, 442 F.3d 382, 385 (5th Cir. 2006). Lugo-Orosco's original sentence for the 1998 conviction was 24 months of deferred adjudication, but he was later sentenced to five days of confinement upon revocation of his probation in 2005. Because Lugo-Orosco's original and revocation sentences together imposed a total imprisonment term of five days, the 10-year period under § 4A1.2(e)(2) should have been measured from the date of his original sentence in 1998. *See* § 4A1.2(k)(1), (2)(B)(iii); *Arviso-Mata*, 442 F.3d at 385. Accordingly, the district court committed clear or obvious error by assessing one criminal history point relative to

Lugo-Orosco's 1998 conviction.

To show an affect on substantial rights under plain-error review where the district court misapplied the guidelines, the defendant must demonstrate a "reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. Jasso*, 587 F.3d 706, 713 (5th Cir. 2009) (internal quotation marks and citation omitted). Because the elimination of this erroneous criminal history point would not have changed Lugo-Orosco's guidelines range, this error alone did not affect his substantial rights.

Lugo-Orosco, however, contends that the significance of the error is amplified when considered in connection with Sentencing Guidelines Amendment 742, which became effective November 1, 2010, over four months after Lugo-Orosco's sentencing hearing. It eliminated the assessment of "recency" points, or criminal history points scored because, among other things, the defendant's offense of conviction was committed less than two years after his release from certain sentences of imprisonment. Lugo-Orosco asserts that Amendment 742, in conjunction with elimination of the erroneous criminal history point assessed for his 1998 conviction, would have lowered his criminal history score to 12 and his criminal history category from VI to V. Relying on that theory, Lugo-Orosco argues that his criminal history was not under-represented for purposes of § 4A1.3.

That argument is unavailing. First, Amendment 742 was not applicable to Lugo-Orosco, because it did not become effective until after his sentencing. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); § 1B1.11. Second, the calculation of a criminal history score and the issue whether the defendant's criminal history is under-represented are not commensurate inquiries. In providing for departures under § 4A1.3, the Sentencing Commission recognized that a defendant's "criminal history score is unlikely to take into account all the variations in the seriousness of criminal history that may occur." § 4A1.3, comment. (backg'd).

The sentencing judge is in a superior position to find facts and judge their

import in sentencing a particular defendant. *Gutierrez*, 635 F.3d at 154. Lugo-Orosco's six adult convictions in ten years, not including his instant conviction, support the findings that he had established a pattern of habitual criminal behavior at 35 years old, had not been deterred by past punishments, and had a high likelihood of committing future crimes. The court did not abuse its discretion in deciding to depart upward. Additionally, the extent of its departure was not an abuse of discretion. *See Gutierrez*, 635 F.3d at 155; *Zuniga-Peralta*, 442 F.3d at 347-38; *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005).

Lugo-Orosco cites statistics that tend to show that defendants convicted of immigration offenses in the Northern District of Texas are more likely to receive upward variances or upward departures than are those convicted of immigration offenses nationally. He argues that the statutory objective under 18 U.S.C. § 3553(a)(6) of avoiding unwarranted sentencing disparities among similar defendants has floundered in the Northern District and that he likely would have been sentenced within or below his guidelines range if his conviction had occurred in almost any other district.

Although Lugo-Orosco made a general objection to his sentence as unreasonable under § 3553(a), plain-error review applies to this issue, because he did not alert the district court to this specific argument. *See Gutierrez*, 635 F.3d at 152. Lugo-Orosco has not shown that any sentencing disparity is unwarranted, because he provides no information about the particular aggravating or mitigating facts concerning any other defendant convicted of his offense. *See United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007) ("National averages of sentences that provide no details underlying the sentences are unreliable to determine unwarranted disparity because they do not reflect the enhancements or adjustments for the aggravating or mitigating factors that distinguish individual cases."). Thus, Lugo-Orosco has not shown error, plain or otherwise, regarding this issue.

AFFIRMED.