# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2011

No. 10-41074
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEX ENRIQUE SANCHEZ-BRENEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-642-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alex Enrique Sanchez-Brenez (Sanchez) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. For the first time on appeal, Sanchez argues that the district court plainly erred in its calculation of his criminal history category because it applied a criminal history point for a stale prior conviction for petty theft.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government maintains that Sanchez waived the issue he raises on appeal by stating that there were no corrections or objections to the presentence report (PSR) that the district court needed to consider and by agreeing that the guidelines sentence range was 46-57 months of imprisonment.  It contends that the statements of Sanchez's counsel were a knowing waiver of the issue rather than a general statement of no objections to the PSR.  Sanchez asserts that he did not waive the issue because he did not intentionally relinquish a known right.

Although Sanchez did not object to the PSR and affirmatively agreed with the guidelines sentence range calculations set forth in the PSR, nothing in the record indicates that Sanchez knew that he had a viable challenge to his criminal history category and that he intentionally relinquished that challenge.  Accordingly, Sanchez did not waive the argument he raises on appeal.  *See United States v. Andino-Ortega*, 608 F.3d 305, 308 (5th Cir. 2010).

Sanchez argues that the district court committed plain error by applying one criminal history point for his prior conviction for petty theft because the petty theft conviction was too remote in time to be counted.  He asserts that without the erroneously applied criminal history point, his criminal history category would have been II instead of III, and his guidelines sentence range would have been 41-51 months of imprisonment instead of 46-57 months of imprisonment.  Sanchez acknowledges that his sentence is within the correctly calculated guidelines range, but he maintains that his substantial rights were violated because the district court's rejection of the request for a 50-month sentence made by the Government and the probation officer and Sanchez's account of the torture and extortion he suffered in transit to the United States show that the district court would likely have imposed a lesser sentence if it had correctly calculated the guidelines range.  In the alternative, Sanchez argues that any error in calculating the guidelines range should presumptively affect a defendant's substantial rights even if the sentence is within the correctly

calculated guidelines range. Sanchez acknowledges that this argument is foreclosed by circuit precedent, and he raises it to preserve the issue for further review.

Because Sanchez did not raise this issue in the district court, we review for plain error only. *See United States v. John*, 597 F.3d 263, 282 (5th Cir. 2010). To show plain error, Sanchez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The district court erroneously applied one criminal history point for Sanchez's prior conviction for petty theft because the sentence for that offense was less than one year and one month of imprisonment and the sentence was imposed more than 10 years prior to the commencement of Sanchez's present offense. *See* U.S.S.G. § 4A1.2(e)(1)-(3). As the Government concedes, the error was clear or obvious. *See United States v. Arviso-Mata*, 442 F.3d 382, 385 (5th Cir. 2006).

The district court erroneously calculated that Sanchez's guidelines sentence range was 46-57 months of imprisonment, and the correct guidelines sentence range was 41-51 months of imprisonment. Sanchez's sentence of 46 months of imprisonment was, therefore, at the bottom of the incorrectly calculated guidelines range, but in the middle of the correctly calculated guidelines range.

To show an affect on his substantial rights, Sanchez must demonstrate a "reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir.), *cert. denied*, 131 S. Ct. 623 (2010) (internal quotation marks and citation omitted). Where the sentence imposed "falls inside both the correct and incorrect guidelines ranges, we have shown considerable

reluctance in finding a reasonable probability that the district court would have settled on a lower sentence." *Id.* (internal quotation marks and citation omitted). In such cases, "we do not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights." *Id.*

While the district court rejected the request of the Government and the probation officer for a sentence of 50 months of imprisonment, it also rejected Sanchez's request for a sentence below the incorrectly calculated guidelines range. The district court sentenced Sanchez at the bottom of the incorrectly calculated guidelines range without giving any indication that it would have imposed a lesser sentence if the guidelines range were lower. The present case is indistinguishable from *United States v. Jasso*, 587 F.3d 706, 713 (5th Cir. 2009), which included the same incorrectly calculated guidelines range, the same correctly calculated guidelines range, and the same sentence. As in *Jasso*, the sentence falls exactly in the middle of the correctly calculated guidelines range, and while the district court sentenced Sanchez to a sentence at the bottom of the incorrectly calculated guidelines range, there is no indication in the record that the district court would have sentenced Sanchez at the bottom of any guidelines range. *See id.* at 713-14 & n.11. Thus, like the defendant in *Jasso*, Sanchez "cannot demonstrate a reasonable probability, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence," and he has not shown that the error affected his substantial rights. *Id.* at 714 (internal quotation marks and citation omitted). As Sanchez concedes, his alternative argument that any guidelines calculation error presumptively affects a defendant's substantial rights is foreclosed. *See Blocker*, 612 F.3d at 416.

AFFIRMED.