**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 2, 2011

Lyle W. Cayce
Clerk

No. 10-50780
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee

v.

ROGELIO LOPEZ-MONTES,

                    Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-203-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rogelio Lopez-Montes appeals the 57-month sentence imposed following his guilty plea convictions for attempted illegal reentry and false personation of another, in violation of 8 U.S.C. § 1326(a) and 18 U.S.C. § 1546. He contends that the district court erred when it assessed an additional criminal history point pursuant to U.S.S.G. § 4A1.1(e) because it miscalculated the time between his release from custody and his commission of the instant offenses. Because Lopez-Montes did not object on this basis in the district court, our review is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limited to plain error only. *See United States v. Jasso*, 587 F.3d 706, 709 (5th Cir. 2009).

In calculating Lopez-Montes's criminal history, the district court included one criminal history point pursuant to § 4A1.1(e) based on the probation officer's assertion that Lopez-Montes committed the instant offenses less than two years following his release from custody on June 7, 2007. However, the instant offenses occurred on January 2, 2010, over two years after Lopez-Montes's release from custody. As the parties agree, the district court made a mathematical error in calculating Lopez-Montes's criminal history score. Because this conclusion is reached by a "straightforward application of the guidelines," the error was also clear or obvious. *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir.), *cert denied*, 131 S. Ct. 623 (2010).

Had the error not occurred, Lopez-Montes's criminal history category would have been III instead of IV, and with a total offense level of 21, his advisory guidelines imprisonment range would have been 46 to 57 months instead of 57 to 71 months. The guidelines ranges overlap by one month. When, as here, a sentence falls within both the correct and incorrect guidelines ranges, we have "shown considerable reluctance in finding a reasonable probability that the district court would have settled on a lower sentence" and "do not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights." *Id.*

Lopez-Montes argues that because the district court sentenced him to the bottom of the incorrect guidelines range, it would probably have sentenced him to the bottom of the correct guidelines range. Although it is possible that the district court would have imposed a sentence at the bottom of the correct guidelines range, Lopez-Montes does not point to anything in the record to demonstrate the requisite probability of such a result. The district court considered and rejected Lopez-Montes's request for a downward variance. Moreover, the district court noted that all of his offenses had not been included

in the calculation of his criminal history and specifically asserted that a 57-month sentence, as opposed to merely a sentence at the bottom of the guidelines range, was appropriate in this case. Lopez-Montes has failed to demonstrate that but for the error, his sentence would have been lower. *See Jasso*, 587 F.3d at 713-14 & n.11. Accordingly, he cannot demonstrate plain error. *See Blocker,* 612 F.3d at 416-17.

To the extent that Lopez-Montes asserts that trial counsel's failure to object to the sentence based on the improperly calculated criminal history score constituted ineffective assistance of counsel, "the general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted). Accordingly, because Lopez-Montes did not raise this claim in the district court, the issue is not appropriate for direct appeal. The judgment of the district court is AFFIRMED.