**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2011

Lyle W. Cayce
Clerk

No. 11-40101
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALONSO RODRIGUEZ-ROSALES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-1559-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alonso Rodriguez-Rosales pled guilty to one charge of illegal reentry into the United States. The district court sentenced him to serve fifty-one months in prison, to be followed by a three-year term of supervised release. In this appeal, Rodriguez-Rosales charges error in two aspects of the district court's sentencing.

First, Rodriguez-Rosales contends that the district court erred by concluding that his prior conviction under 21 U.S.C. § 843(b) is a drug trafficking offense for U.S.S.G. § 2L1.2 purposes. Our review of the record shows that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez-Rosales may have waived this issue at sentencing. "Nevertheless, out of an abundance of caution, we will review for plain error." *United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006). To meet the plain error standard, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Rodriguez-Rosales's claim fails because the error alleged is not clear or obvious. The relevant question here is whether Rodriguez-Rosales's prior conviction was for using a telecommunications device to facilitate the commission of another crime that was itself a drug trafficking offense. *See United States v. Henao-Melo*, 591 F.3d 798, 803-04 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 2392 (2010). The Government asserts that the charging document shows that the underlying offense was for possession of drugs with intent to distribute, a drug trafficking offense. Rodriguez-Rosales asserts that it shows that the underlying offense was for simple possession, which is not a drug trafficking offense. Both parties present colorable arguments in support of their positions, and it is unclear which should prevail. The error is not clear or obvious. *See Puckett*, 129 S. Ct. at 1429.

Next on appeal, Rodriguez-Rosales asserts that the district court plainly erred by assessing one criminal history point for a 2001 conviction that he committed as a juvenile, which did not result in confinement. Rodriguez-Rosales has shown a clear or obvious error in connection with this claim: The challenged conviction did not merit a criminal history point; without this point, Rodriguez-Rosales would have been in a different criminal history category and would have had a different guidelines sentencing range. Nevertheless, he is not entitled to relief.

"In the sentencing context, . . . an appellant can show an impact on substantial rights—and therefore a basis for reversal on plain error review—where the appellant can show a reasonable probability that, but for the

district court's error, the appellant would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). The district court sentenced Rodriguez-Rosales using a guidelines range of fifty-one to sixty-three months in prison. Without the incorrectly assessed criminal history point, his correct range would have been forty-six to fifty-seven months. These two ranges overlap, and the fifty-one-month sentence imposed is "squarely in the middle of his corrected" sentencing range. *See United States v. Jasso*, 587 F.3d 706, 713 (5th Cir. 2009).

When a disputed sentence falls within both the correct and incorrect guidelines ranges, this court has "shown considerable reluctance in finding a reasonable probability that the district court would have settled on a lower sentence" and "do[es] not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights." *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010) (per curiam), *cert. denied*, 131 S. Ct. 623 (2010). Rodriguez-Rosales points to no such evidence, and our review of the record reveals none. His raises only the possibility of a different sentence absent the error; he does not show the probability that is required to meet the plain error standard. *See id.; see also Davis*, 602 F.3d at 647.

The judgment of the district court is AFFIRMED.