# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 30, 2012

Lyle W. Cayce
Clerk

No. 11-10717
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSICA MOORE MCCOOL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-21-2

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Jessica Moore McCool pleaded guilty to possession with intent to distribute methamphetamine. The district court sentenced McCool to 96 months of imprisonment and a three-year term of supervised release. McCool filed a timely notice of appeal.

Included in the drug quantity used to calculate McCool's advisory guidelines sentencing range was 226.8 grams of methamphetamine that McCool delivered for a co-defendant. In the district court, McCool argued against the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inclusion of this drug amount, contending that she was the first to give the Government the information about this drug quantity and that it should therefore be excluded under U.S.S.G. § 1B1.8.  McCool asserted, however, that her argument was foreclosed by this court's decision in *United States v. Gibson*, 48 F.3d 876 (5th Cir. 1995), and the drug quantity was included by the district court.

In her opening brief, McCool asserts that the district court's reliance on *Gibson* in using the information regarding the 226.8 grams of methamphetamine was error because the facts of her case are distinguishable from those presented in *Gibson*.  The Government contends that review should be only for manifest injustice because McCool invited any error committed by the district court.  In reply, McCool argues emphatically that the district court committed no error in overruling her objection in light of this court's holding in *Gibson*.  Instead, she argues that the holding of *Gibson* has been expanded to cover factual scenarios not presented in *Gibson*, and she invites this court to reconsider, interpret, and revise the *Gibson* decision.

One panel of this court may not overrule the decision of a prior panel in the absence of en banc consideration or a superseding Supreme Court decision. *United States v. Jasso*, 587 F.3d 706, 709 n.3 (5th Cir. 2009).  In light of McCool's position that the district court committed no error here, the sentence imposed by the district court is AFFIRMED.