# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40514

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO TULIO DE SANTIAGO-GUILLEN, also known as Marco De Santiago, also known as Marco Guillen-Desantiago, also known as Marco T. De Santiago, also known as Mario De Santiago-Guillen,,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-1128-1

Before WIENER, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mario Tulio De Santiago-Guillen pleaded guilty to one count of illegal reentry into the United States and was sentenced to serve 77 months in prison and a three-year term of supervised release. He argues that the district court plainly erred when calculating his criminal history. Additionally, he asserts that this error affected his substantial rights because there is at least a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40514

reasonable probability that he would have received a lesser sentence absent this error, as evidenced by the fact that he received a sentence at the bottom of the guidelines range even though the PSR suggested an upward departure could be warranted.

As De Santiago-Guillen concedes, his challenge to the district court's guidelines calculation is reviewed for plain error because he failed to present it to the district court. *See United States v. Jasso*, 587 F.3d 706, 709 (5th Cir. 2009). To demonstrate plain error, De Santiago-Guillen must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Id.*

De Santiago-Guillen's assertion that he should not have been assigned criminal history points based on his 2007 conviction for driving without a license is correct and satisfies the first two prongs of the plain error test. *See* U.S.S.G. § 4A1.2(c)(1); *United States v. Blocker*, 612 F.3d 413, 417 (5th Cir. 2010). He is not, however, entitled to relief, as he has not shown that the error affected his substantial rights.

An error in calculating the defendant's guidelines range affects his substantial rights when there is a reasonable probability that the defendant would have received a shorter sentence if the district court had properly applied the Guidelines. *United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011). When the sentence imposed falls in both the correct guidelines range and the incorrect guidelines range used by the district court, "we have shown considerable reluctance in finding a reasonable probability that the district court would have settled on a lower sentence." *Blocker*, 612 F.3d at 416 (internal quotation marks and citation omitted). This is what happened

No. 14-40514

here, as De Santiago-Guillen's 77-month sentence falls in both the incorrect 77-96 month range and the correct 70-87 month range.

Review of the record does not show that the incorrectly calculated range "was a primary factor in the selection of" De Santiago-Guillen's 77-month sentence. *United States v. Pratt*, 728 F.3d 463, 482 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1328 (2014). Instead, this review shows only that "that the district court, when faced with a Guideline Range of [77-96] months, concluded it would be reasonable to place the defendant at the bottom of *that* range." *United States v. Jasso*, 587 F.3d 706, 714 n.11 (5th Cir. 2009). There is no indication that the district court believed that the bottom of "*any* range [was] appropriate." *Id.* Accordingly, the plain error standard has not been met.

**AFFIRMED.**