# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51200
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ZAVALA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-164-14

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Zavala was convicted by a jury of conspiring to possess with intent to distribute methamphetamine. The district court determined that Zavala's sentencing range was 292 to 365 months of imprisonment, and it sentenced him to 292 months of imprisonment, to be followed by a five-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51200

On appeal, Zavala argues that the district court erred in assessing two criminal history points for a 325-day sentence that was imposed in August 2002 as punishment for his state court conviction of possession of a controlled substance. As Zavala concedes, his failure to object in the district court results in plain error review. *See United States v. Jasso*, 587 F.3d 706, 709 (5th Cir. 2009). To demonstrate plain error, Zavala must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The Presentence Report, which the district court adopted without objection, discloses that Zavala's involvement in the instant methamphetamine conspiracy offense began on September 20, 2012. As more than 10 years elapsed between the imposition of the 325-day state court sentence and Zavala's commencement of the current offense, the district court erred by assessing two criminal history points. *See* U.S.S.G. § 4A1.1 comment. (n.2); U.S.S.G. § 4A1.2(e)(2). Because this conclusion is reached by a "straightforward application of the guidelines," the error was also clear or obvious. *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010).

Zavala asserts that his substantial rights were affected. He argues that he should prevail on the issue under *United States v. Arviso-Mata*, 442 F.3d 382 (5th Cir. 2006), and that the same result would be obtained under decisions rendered by the Seventh Circuit Court of Appeals. As the decision in *Arviso-Mata* was not based on a determination that the appellant's substantial rights had been affected, *see* 442 F.3d at 385-86, we reject Zavala's contention that *Arviso-Mata* controls our decision here.

No. 13-51200

"In the sentencing context, . . . an appellant can show an impact on substantial rights—and therefore a basis for reversal on plain error review—where the appellant can show a reasonable probability that, but for the district court's error, the appellant would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). The appellant has the burden of establishing a reasonable probability of receiving a lower sentence. *Id*. at 647-48. Where, as here, the sentence imposed falls within both the correct and incorrect Guidelines, this court has "shown considerable reluctance in finding a reasonable probability that the district court would have settled on a lower sentence" and "do[es] not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights." *Blocker*, 612 F.3d at 416.

Zavala points out that he would have had zero criminal history points had the Guidelines been correctly applied, and he notes that the district court stated that it would give consideration to his family in determining his sentence. There is nothing in the record, however, that demonstrates the requisite reasonable probability that Zavala would have received a lower sentence absent the district court's error. *See Davis*, 602 F.3d at 647-48. The fact that Zavala was sentenced at the bottom of the incorrectly calculated guidelines range does not alone establish that the error in calculating the guidelines range affected his substantial rights. *See United States v. Jones*, 596 F.3d 273, 277-78 (5th Cir. 2010); *Jasso,* 587 F.3d at 714 n.11. Moreover, in view of the substantial overlap between the sentencing range utilized by the district court and the correct sentencing range, Zavala cannot establish that his substantial rights were affected. *See Jones*, 587 F.3d at 278.

AFFIRMED.