# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2010

No. 09-10798
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHN TYRONE BLOCKER,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before JOLLY, WIENER, and STEWART, Circuit Judges.

PER CURIAM:

John Tyrone Blocker was sentenced to his 85-month term of imprisonment after pleading guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and after stipulating to a second bank robbery in his factual resume. Blocker argues that the district court improperly calculated his guidelines range. It did so by erroneously adding two points to his criminal history score on the basis that he committed the bank robbery while under an active revocation of probation bench warrant. U.S.S.G. § 4A1.1(d). These two points placed Blocker in criminal history category II. When combined with an offense level of 27, the guidelines range was 78 to 97 months. Without the two points challenged by

No. 09-10798

Blocker, he falls within criminal history category I, and his guidelines range falls to 70 to 87 months.

Blocker did not challenge his criminal history score in the district court and the parties agree that our review is for plain error. Because Blocker has failed to show that the district court's error affected his substantial rights, the district court's judgment is AFFIRMED.

I.

At sentencing, the district court adopted the Presentence Report, which calculated Blocker's offense level to be 27 and his criminal history category to be II. Blocker's criminal history category was raised from I to II by the addition of two points under U.S.S.G. § 4A1.1(d). Under § 4A1.1(d), a defendant is assessed two points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The PSR identified an active probation revocation bench warrant from a 1987 conviction as the basis for the § 4A1.1(d) points. Blocker's sole objection to the PSR, however, was that it denied credit for acceptance of responsibility; this objection was overruled and the district court calculated a guidelines range of 78 to 97 months.

In the light of the guidelines range adopted by the district court, Blocker requested a downward variance, or a sentence at the low end of the guidelines range. The district court rejected each request. The court then expressed its belief that a sentence falling "about the middle of the guidelines range" is appropriate and sentenced Blocker to 85 months of imprisonment.

Blocker appeals, arguing for the first time that the two points under § 4A1.1(d) were erroneously assessed because the bench warrant, on which the points were based, was not for an otherwise countable conviction. U.S.S.G. § 4A1.2(m) and (e)(2). He goes on to argue that the district judge's imposition of

2

No. 09-10798

sentence suggests the district court likely would have imposed a lower sentence if he had properly understood the correct guidelines to apply.

## II.

Because the issue was not raised at sentencing, we review for plain error. Under the plain error standard, Blocker must show that (1) there was error, (2) that was plain, (3) the error affects substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Jones*, 489 F.3d 679, 681 (5th Cir. 2007).

As explained above, the district court added two points to Blocker's criminal history under U.S.S.G. § 4A1.1(d) because the crime was committed while Blocker was under an active probation revocation bench warrant that related to a 1987 conviction. A violation warrant of this type is countable under § 4A1.1(d) only if the underlying criminal justice sentence is also countable. U.S.S.G. § 4A1.2(m); *see also* U.S.S.G. § 4A1.1, cmt., n.4. Prior sentences are countable only if they occurred within the applicable time period—10 or 15 years depending on the type of sentence. U.S.S.G. § 4A1.2(e). Here the prior sentence was over 21 years old and so was not countable under § 4A1.1(d); because the underlying sentence was not countable, neither was the active probation revocation bench warrant.

Consequently, it was error for the district court to assess Blocker two criminal history points under § 4A1.1(d). As our conclusion is reached by a straightforward application of the guidelines, the error was also plain. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009) (explaining that error is plain where it is "clear or obvious, rather than subject to reasonable dispute").

An error that is plain, though, is not enough. Blocker must also show that the error affected his substantial rights by "undermin[ing] confidence in the outcome." Fed. R. Crim. P. 52; *United States v. Dominguez Benitez*, 542 U.S. 74,

3

83 (2004).    In cases of miscalculated guidelines ranges, this requires demonstrating a "reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005).

Here the district court applied a guidelines range of 78 to 97 months; the correct guidelines range was 70 to 87 months. Where, as here, the sentence—85 months—falls inside both the correct and incorrect guidelines ranges, "we have shown considerable reluctance in finding a reasonable probability that the district court would have settled on a lower sentence." *United States v. Campo-Ramirez*, 2010 WL 2102276, at *3 (5th Cir. 2010) (unpublished) (collecting cases with overlapping guidelines ranges); *see also United States v. Jasso*, 587 F.3d 706, 714 (5th Cir. 2009); *United States v. Jones*, 596 F.3d 273, 277–79 (5th Cir. 2010).    In some cases we have denied relief even though the district court chose a sentence at the bottom of the incorrect guidelines range, when that sentence fell at or near the top of the correct guidelines range.    *See Campo-Ramirez*, 2010 WL 2102276, at 3–4; *United States v. Cruz-Meza*, 310 F. App'x. 634, 637–38 (5th Cir.2009) (unpublished).    We reasoned that there was no evidence that the district court found the bottom of "*any* range to be appropriate."    *Jasso*, 587 F.3d at 714 n. 11.    Put simply, where the resulting sentence falls within both the correct and incorrect guidelines, we do not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights.    *See Jones*, 596 F.3d at 279.

Here, Blocker argues that the district court's statement that he be sentenced "about the middle of the guidelines range" was its primary conclusion, and that this is enough to satisfy his burden to show a reasonable probability of a different result.    Our past cases make clear that such casual statements from the district court are insufficient.    *See, e.g., Campo-Ramirez*, 2010 WL 2102276, at *1 (refusing to reverse where the district court noted "a sentence at the low

4

end of the range is appropriate"). Such comments may raise a "possibility" of a different result, but not the requisite "probability." *Cruz-Meza*, 310 F. App'x. at 637.

We also note that here, as in other cases, the district court considered and rejected the defendant's request for a downward departure. Moreover, the district court did not see fit to sentence Blocker at the low end of the incorrect guidelines range, making it particularly unlikely that the district court would have imposed a lower sentence had it utilized the proper guidelines range.

## III.

In sum, the district court erred in its calculation of Blocker's criminal history score and so utilized an incorrect guidelines range in determining Blocker's sentence. This error was plain. However, Blocker has failed to show that this error affected his substantial rights. Accordingly, Blocker's sentence is AFFIRMED.