# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 11, 2011

Lyle W. Cayce
Clerk

No. 10-50215
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LAWRENCE MONDRAGON,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2398-3

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Following Lawrence Mondragon's guilty-plea convictions for one count of conspiracy to possess, with intent to distribute, five kilograms or more of cocaine and one count of using or carrying a firearm in relation to a crime of violence or drug-trafficking crime, he was sentenced to the statutory minimum terms of imprisonment and supervised release for his conspiracy conviction. For his firearm conviction, Mondragon was sentenced to the statutory minimum term of imprisonment, along with a five-year term of supervised release, set to run

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concurrently with the five-year term of supervised release imposed for his conspiracy conviction.

Mondragon contends the assessment of one criminal-history point for his prior misdemeanor conviction for criminal mischief was improper, pursuant to Sentencing Guideline § 4A1.2(c)(1), because his criminal-mischief offense was similar to the offense of disorderly conduct. According to Mondragon, the elimination of that criminal-history point would have made him eligible for the safety-valve provision under Sentencing Guideline § 5C1.2 and 18 U.S.C. § 3553(f), which would have enabled the district court to disregard the 10-year statutory minimum term of imprisonment applicable to his conspiracy conviction.

Because this issue was not preserved in district court, it is reviewed only for plain error. *See United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007). To show reversible plain error, Mondragon must show a clear or obvious error that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes that showing, our court has discretion to correct the error, but will generally do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To show an affect on his substantial rights, Mondragon must show a reasonable probability that, but for an error in the district court's application of the advisory Guidelines, he would have received a lesser sentence. *See United States v. Blocker*, 612 F.3d 413, 416 (5th Cir.), *cert. denied*, 131 S. Ct. 623 (2010).

Mondragon was ineligible for a safety-valve decrease regardless of his criminal-history score because his firearm conviction established that he possessed a firearm in connection with his drug-conspiracy offense. *See* 18 U.S.C. § 3553(f)(2) (court shall impose a sentence in accordance with applicable Guidelines without regard to any statutory minimum sentence *if* defendant did not "possess a firearm or other dangerous weapon . . . in connection with the offense"); U.S.S.G. § 5C1.2(a)(2) (same). In the light of the statutory minimum

punishments underlying his sentences, Mondragon has not shown a reasonable probability that he would have received a lesser sentence but for the claimed error by the district court regarding the criminal-history point assessed for his criminal-mischief conviction.

AFFIRMED.