# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 15, 2011

Lyle W. Cayce
Clerk

No. 10-10237
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LISHON MARCELLE HUDSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-137-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lishon Marcelle Hudson pleaded guilty of possession of a controlled substance with intent to distribute and was sentenced to a 135-month term of imprisonment and to a four-year period of supervised release. Hudson contends that the district court committed procedural errors in determining his Sentencing Guidelines offense level and criminal history category.

Our review of the district court's interpretation and application of the Guidelines in this case is for plain error. *Puckett v. United States*, 129 S. Ct.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10237

1423, 1428 (2009). To show plain error, Hudson must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* at 1429; *see also United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). If Hudson carries his burden of showing a clear and obvious error that affects his substantial rights, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett*, 129 S. Ct. at 1429.

The Government concedes and we agree that the district court committed a clear and obvious error in increasing Hudson's criminal history score pursuant to guidelines section 4A1.1(b). *See* U.S.S.G. § 4A1.1(b) (2009); U.S.S.G. § 4A1.2(a)(1) & comment. (n.1) (2009); *see also United States v. Yerena-Magana*, 478 F.3d 683, 688-89 (5th Cir. 2007); *United States v. Southerland*, 405 F.3d 263, 266-68 (5th Cir. 2005). Hudson has not shown, however, that his substantial rights were affected by the error. *See United States v. Blocker*, 612 F.3d 413, 416-17 (5th Cir.), *cert. denied*, 131 S. Ct. 623 (2010).

Hudson contends that the district court violated his Second Amendment right to bear arms in his own home by increasing his offense level pursuant to guidelines section 2D1.1(b)(1). Hudson has not shown that the district court committed a clear or obvious error. *See District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008); *see also United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007) (error must be clear under existing law). The judgment is

AFFIRMED.