**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2011

No. 10-30739
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HUEY ALLEN HOPKINS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:05-CR-60023-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Huey Allen Hopkins appeals his 24-month sentence imposed following revocation of his supervised release. He contends the district court failed to consider the three-to-nine-month, advisory policy range under Sentencing Guideline § 7B1.4, and failed to articulate reasons for deviating from that range.

The Guidelines provide only policy statements regarding sentencing following supervised-release revocation. *See* U.S.S.G. Ch. 7. Pre-*Booker*, sentences imposed upon revocation of supervised release were upheld unless "in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of the law or plainly unreasonable". *United States v. Jones*, 484 F.3d 783, 791 (5th Cir. 2007) (citation and internal quotation marks omitted). Following *Booker*, in general, sentences are reviewed for reasonableness under the abuse-of-discretion standard. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Holding the pre-*Booker* more deferential standard of review appropriate, however, for reviewing sentences imposed following supervised-release revocation, in *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), our court held recently that, post-*Booker*, the plainly-unreasonable standard is still to be applied.

Because, however, Hopkins failed to object in district court to the procedural errors he now asserts, his contentions are reviewed only for plain error. *See United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007). To show reversible plain error, Hopkins must show a clear or obvious error that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). To show his substantial rights were affected, Hopkins must show a reasonable probability that, but for an error in the district court's application of the advisory Guidelines, he would have received a lesser sentence. *See United States v. Blocker*, 612 F.3d 413, 416 (5th Cir.), *cert. denied*, 131 S. Ct. 623 (2010). If he makes that showing, our court has discretion to correct the error, but will generally do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett*, 129 S. Ct. at 1429.

The probation officer's "Dispositional Report" was provided to the district judge presiding over Hopkins' revocation hearing. That report stated the advisory policy range, as provided by Guideline § 7B1.4, was three to nine months' imprisonment. Further, during that hearing, the district judge conferred with the probation officer to discuss sentencing options. Accordingly, Hopkins has not shown the district court failed to consider the advisory policy range provided by Guideline § 7B1.4.

Even if Hopkins could show the district court failed to consider that range, he has *not* shown his substantial rights were affected. The sentencing transcript reflects that the district court considered the parties' positions and provided sufficient reasons for the sentence imposed, such as: Hopkins' numerous supervised-release violations; the danger Hopkins poses to the public due to his excessive drinking and driving while intoxicated; and Hopkins' need for substance-abuse treatment and rehabilitation. *See United States v. Whitelaw*, 580 F.3d 256, 261-64 (5th Cir. 2009). The court determined that a sentence of less than 24 months would not allow Hopkins to obtain the needed substance-abuse treatment, noting Hopkins' sentence was "the only sentence available . . . that would fit the situation". Accordingly, Hopkins has *not* shown a reasonable probability that, but for the district court's claimed error, he would have received a lesser sentence. *See Blocker*, 612 F.3d at 416.

AFFIRMED.