# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2011

Lyle W. Cayce
Clerk

No. 10-40714
c/w No. 10-40716
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EULALIO JUAREZ-RODRIGUEZ, also known as Sergio Pulidio, also known as Eulalio Juarez,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-270-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eulalio Juarez-Rodriguez appeals the 77-month sentence imposed following his guilty plea conviction for being an alien found unlawfully in the United States and the 21-month sentence imposed upon revocation of his supervised release. Juarez-Rodriguez contends that his 77-month sentence should be vacated because the district court erred by assessing a criminal history

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

point for his 2001 Texas conviction for failure to stop and leave information. He contends that his 21-month revocation sentence should also be vacated because it was formulated in combination with his 77-month sentence.

According to Juarez-Rodriguez, his Texas conviction for failure to stop and leave information should not have been counted because it qualified as the enumerated offense of leaving the scene of an accident under U.S.S.G. § 4A.12(c)(1). Because Juarez-Rodriguez did not object on this ground in the district court, the plain error standard of review applies. See United States v. Jasso, 587 F.3d 706, 709 (5th Cir. 2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. Puckett v. United States, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

Irrespective of whether the district court committed clear or obvious error in assessing the criminal history point challenged by Juarez-Rodriguez, a question we do not decide, Juarez-Rodriguez's substantial rights were not affected. To show an affect on his substantial rights, Juarez-Rodriguez must demonstrate a "reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." United States v. Blocker, 612 F.3d 413, 416 (5th Cir.), cert. denied, 131 S. Ct. 623 (2010) (internal quotation marks and citation omitted). If his conviction for failure to stop and leave information were not assessed a criminal history point, his guidelines range would have been 70 to 87 months of imprisonment, rather than the range of 77 to 96 months considered by the district court at sentencing.

Where, as here, the sentence imposed falls inside both the new guidelines range and the guidelines range considered by the district court, "we do not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights." Blocker, 612 F.3d at 416. Juarez-Rodriguez

2

asserts that the district court was inclined to sentence him leniently, noting that it imposed a sentence for his conviction that corresponded to the bottom of the guidelines range and that it ordered eight months of his revocation sentence to be run concurrently to the sentence for his conviction.

The district court considered and rejected Juarez-Rodriguez's motion for sentence below a guidelines range of 77 to 96 months of imprisonment, and there is no evidence that the district court found that Juarez-Rodriguez should be sentenced to the bottom of any guidelines range. See Blocker, 612 F.3d at 416-17; Jasso, 587 F.3d at 714 n.11. The district court's decision to order eight months of Juarez-Rodriguez's revocation sentence to be run concurrently reflects that it found a total of 90 months of imprisonment to be appropriate. Juarez-Rodriguez has not satisfied his burden of showing a reasonable probability that he would have received a lesser sentence. See Blocker, 612 F.3d at 416-17.

The district court's judgments are AFFIRMED.