# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2011

No. 10-10741
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHANITA LASHUN MOSS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-34-1

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Shanita Lashun Moss pleaded guilty to two counts of unauthorized use of
an access device, in violation of 18 U.S.C. § 1029(a)(2) & (2), and was sentenced
to 115 months of imprisonment, three years of supervised release, and
restitution in the amount of $322,364.90.

Moss argues that the district court erred in applying a four-level increase
in her offense level under U.S.S.G. § 3B1.1(a) by finding that she was a leader
or organizer. She contends that her role must be considered in light of the total

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

relevant conduct for which she was held accountable. She argues that when her role is measured against the full extent of her relevant conduct, her influence over her confederates was quantitatively and qualitatively minor.

The evidence in the record pointed out by the Government supports the conclusion that Moss was a leader or organizer in these fraudulent schemes. Moss does not dispute the evidence in the Presentence Report (PSR) or from the debriefing interviews that she recruited and directed at least some of the other participants, and in fact she admits that the "government recites a host of conduct from which the district court could infer leadership." Moss did not have to direct or control all participants to receive the adjustment. *See* § 3B1.1, comment. (n.4); *United States v. Cabrera*, 288 F.3d 163, 175 n.13 (5th Cir. 2002) (noting that more than one person can be a leader). The district court's finding that Moss was a leader or organizer is not clearly erroneous. *See Cabrera*, 288 F.3d at 173.

Conceding that she did not object in the district court, Moss argues that the district court plainly erred in calculating her guideline range by assigning criminal history points to prior offenses that should have been included in her relevant conduct. Moss relies on *United States v. Cade*, 279 F.3d 365, 272 (5th Cir. 2002), in which this court held that "if the district court uses sentences as relevant conduct, the district court cannot use those same sentences as the basis of a criminal history category departure under § 4A1.3(a)." This is because "relevant conduct is part of the instant offense, see U.S.S.G. § 1B1.1, and therefore is not a 'prior sentence' under § 4A1.3(a)." *Id.* Moss contends that the convictions described in ¶¶ 96-99 of the PSR for which she received two criminal history points each should have been counted as part of her relevant conduct and not as prior sentences because they represent the same course of conduct as her offenses of conviction and were close in time.

Because Moss was sentenced on these prior offenses after the dates of the offenses of conviction, there is no bright temporal line to cut them off from being

counted as relevant conduct under § 1B1.3, comment. (n.8). *See Witte v. United States*, 515 U.S. 398, 402 (1995). The district court did not count them under both sections of the Guidelines and so did not violate the proscription in *Cade* as Moss suggests. *See Cade*, 279 F.3d at 272. It is difficult to conclude that the district court made a clear or obvious error in this regard.

Assuming arguendo that it was an error that was clear or obvious, it did not affect Moss's substantial rights. Moss bears the burden of demonstrating a "'reasonable probability that, but for the district court's misapplication of the Guidelines, [s]he would have received a lesser sentence.'" *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir.) (quoting *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005)), *cert. denied*, 131 S. Ct. 623 (2010). The district court granted the Government's motion for a downward departure under § 5K1.1 for substantial assistance and sentenced Moss to 115 months, below the guideline range of 151 to 188 months. Even if the district court had started with a guideline range of 121 to 151 months, nothing in the record suggests that there is a reasonable probability that the district court would have departed downward further from the correct guideline range. *See United States v. Robles-Vertiz*, 442 F.3d 350, 353-54 (5th Cir. 2006) (holding no plain error where defendant could not identify any statements in the record demonstrating that the district court would have departed downward even further).

AFFIRMED.