# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 5, 2011

No. 10-41023
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

ELEAZAR GARCIA-FLORES,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10–CR–457–1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Eleazar Garcia-Flores pleaded guilty to one count of possessing more than 50 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). At sentencing, the district court granted the Government's motion for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, and sentenced Garcia-Flores to 108 months of imprisonment and three years of supervised release. Garcia-Flores appeals, challenging the procedural and substantive reasonableness of his sentence. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I

After *United States v. Booker*, 543 U.S. 220 (2005), we review sentencing decisions in two steps. *See Gall v. United States*, 552 U.S. 38, 46 (2007). We first consider whether the district court committed any significant procedural error, "such as . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 51. If the district court's sentencing decision is procedurally sound, we then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. *Id.*; *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

Garcia-Flores raises three assignments of error relating to his sentence: (1) the district court committed procedural error by failing to independently assess the downward departure awarded under U.S.S.G. § 5K1.1; (2) the district court committed procedural error by failing to adequately explain the reasons for its sentence; and (3) the district court's sentence is substantively unreasonable.[1]

## A

Garcia-Flores first contends that the district court committed procedural error by failing to independently assess the sentence reduction warranted under § 5K1.1. Garcia-Flores did not preserve this issue in the district court and so we review for plain error. *See Mondragon-Santiago*, 564 F.3d at 361. To show plain error, an appellant must show a forfeited error that is plain or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even if the appellant makes such a showing, this court has the

---

[1] Garcia-Flores also contends that his points of error warrant reversal when considered cumulatively. We find this argument to be without merit.

discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

At sentencing, the Government moved for a two-level reduction in Garcia-Flores's total offense level based on his substantial assistance to authorities regarding his criminal offense and other illegal activity. The Government noted that the reduction would place Garcia-Flores's Guidelines imprisonment range at between 108 and 135 months, and it recommended a 108-month sentence. In response, Garcia-Flores's trial counsel stated that, "[T]here are no objections filed because I know what the law is and . . . the precedents about the various forms of downward departure." The district court summarily granted the Government's motion and sentenced Garcia-Flores to 108 months' imprisonment. Garcia-Flores now contends that this case should be remanded because it is unclear whether the district court complied with its duty to independently assess the extent of the sentencing reduction warranted under § 5K1.1.

Here, although it is not apparent from the record whether the district court conducted an independent inquiry before awarding the two-level departure, Garcia-Flores cannot show reversible error because he has not demonstrated an effect on his substantial rights under plain error review. To make such a showing, Garcia-Flores must demonstrate a reasonable probability that he would have received a lesser sentence but for error by the district court. *See, e.g., United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010); *Mondragon-Santiago*, 564 F.3d at 364–65. Garcia-Flores has not made such a showing. He does not argue that the district court's further consideration of his assistance to the Government would have resulted in a lesser sentence. Nor does the record suggest that the district court would have granted a greater downward departure under § 5K1.1 but for some misunderstanding of its authority to deviate from the Government's recommendation. The mere possibility of a lesser sentence is insufficient under plain error review. Garcia-Flores has failed to satisfy his burden on this issue.

**B**

Next, Garcia-Flores contends that the district court committed procedural error by failing to adequately explain its reasons for the sentence imposed. He claims that the district court's explanation insufficiently addressed the factors he raised in support of a lesser sentence, including his strong family ties; his prior employment history and work ethic; the fact that he was gradually drawn into illegal activity through a job he initially believed to be legitimate; and his argument that the Guidelines are grossly excessive for methamphetamine in general, and especially so for defendants, like him, who were unaware of the type or quantity of drugs being transported.

"The district court must adequately explain the sentence 'to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *Mondragon-Santiago*, 564 F.3d at 360 (quoting *Gall*, 552 U.S. at 50). "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). However, "more than a brief statement may be required when a district court is presented with nonfrivolous arguments for a sentence outside the Guidelines." *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). In such cases, a district court's explanation is not sufficient where it merely recites the guidelines calculation and does not at least acknowledge the § 3553(a) factors. *See Mondragon-Santiago*, 564 F.3d at 362–64. On the other hand, a district court's explanation is sufficient where the record reflects that the district court listened to and considered the defendant's arguments for a below-Guidelines sentence, and indicated that a sentence within the Guidelines was appropriate. *See Rita*, 551 U.S. at 356; *Rodriguez*, 523 F.3d at 525–26.

Here, the record shows that the district court considered Garcia-Flores's arguments for a lesser sentence and provided a sufficient explanation of its reasons for imposing the sentence that it did. Regarding the Guidelines' treatment of a defendant who lacked knowledge that his conduct involved

methamphetamine, the district court explained that a courier's voluntary ignorance could be used advantageously in a narcotics operation, and that in determining an appropriate sentence, the court was concerned with protecting the public.    With respect to Garcia-Flores's personal work habits and employment history, the court explicitly considered his lack of a criminal record, noting that these characteristics were not uncommon among similarly situated defendants, and that Garcia-Flores had ultimately placed himself and his family in this situation through his criminal conduct.

The sentencing judge need only "set forth enough to satisfy the appellate court that [she] has considered the parties' arguments and has a reasoned basis for exercising [her] own legal decision making authority." *Rita*, 551 U.S. at 356. The district court provided adequate reasons for its sentence here.

## C

Last, Garcia-Flores contends that his 108-month sentence is substantively unreasonable because the district court failed to give sufficient weight to his arguments that the Guidelines pertaining to methamphetamine offenses produce excessive sentences, especially in cases like this, where the defendant merely served as a courier without knowledge of the specific drug he was transporting. Garcia-Flores also contends that the district court overemphasized the quantity of methamphetamine involved, given his ignorance of the type and quantity of drug that he was transporting.  According to Garcia-Flores, the district court also failed to adequately consider that his criminal conduct was an aberration from an otherwise law-abiding and productive life.

As discussed above, the district court considered Garcia-Flores's argument that the Guidelines concerning methamphetamine were excessive under his circumstances.  The court explicitly rejected this argument, indicating its concern with protecting the public and the possibility that a courier's knowing ignorance could be used to the advantage of the drug courier and the supplier. In addition, the district court took account of the quantity of methamphetamine

involved, and it acknowledged that although Garcia-Flores's lack of a criminal history and difficult family circumstances made this a difficult case, the court was unpersuaded by his arguments for a sentence less than 108 months of imprisonment. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). The district court's reasons for imposing the 108-month sentence in this case do not amount to an abuse of discretion.

## II

The district court's judgment is AFFIRMED.