**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 6, 2011

No. 10-10742
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL SANTILLAN-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-30-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Daniel Santillan-Hernandez appeals the 90-month term of imprisonment imposed after he pleaded guilty of being found in the United States without permission, following removal. *See* 8 U.S.C. § 1326(a) & (b). He contends that the district court plainly erred by enhancing his sentence pursuant to United States Sentencing Guideline § 2L1.2(b)(1)(C) based on a determination that his 1989 California state court conviction of selling or transporting marijuana was an aggravated felony.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10742

We agree with Santillan-Hernandez that the district court plainly erred in finding based on the presentence report that his prior conviction under California Health & Safety Code § 11360(a) was an aggravated felony. *See United States v. Ibarra-Luna*, 628 F.3d 712, 716 (5th Cir. 2010). Nevertheless, we also agree with the Government that Santillan-Hernandez has not shown a reasonable probability that his sentence would have been lower absent the district court's consideration of the incorrect advisory guidelines range. *See United States v. Dickson*, 632 F.3d 186, 191 (5th Cir. 2011), *petition for cert. filed*, (Apr. 27, 2011) (No. 10-10278); *United States v. Davis*, 602 F.3d 643, 648-49 (5th Cir. 2010).

In the instant case, the district court determined that a sentence within the incorrectly calculated guideline range was inappropriate in light of Santillan-Hernandez's serious criminal history and potential for recidivism. For those same reasons a sentence within the lower correctly calculated range would have been insufficient. Moreover, the district court's statements, clearly explaining its methodology for arriving at a reasonable sentence, indicate that the incorrectly calculated range did not influence the sentence imposed. Santillan-Hernandez has not demonstrated a reasonable probability that, but for the district court's errors, he would have received a shorter sentence. *See United States v. Blocker*, 612 F.3d 413, 416 (5th Cir.), *cert. denied*, 131 S. Ct. 623 (2010).

AFFIRMED.