# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 2, 2012

Lyle W. Cayce
Clerk

No. 12-40134
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PAULO OZIEL MONTOYA-RODRIGUEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-1069-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Convicted of illegal reentry into the United States, Paulo Oziel Montoya-Rodriguez was sentenced to 24-months imprisonment and a within-Guidelines, two-year supervised-release term. Challenging both the procedural and substantive reasonableness of his sentence, he contends supervised release was improper under Guideline § 5D1.1(c) because: it was not statutorily required; and he is likely to be deported after his imprisonment. Guideline § 5D1.1(c) provides: "[a] court ordinarily should not impose a term of supervised release

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

. . . [when] supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Because Montoya failed to object in district court to his sentence, however, review is only for plain error. *E.g., United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Montoya must show a clear or obvious error that affected his substantial rights.  *E.g., Puckett v. United States*, 556 U.S. 129, 135 (2009).  He fails to do so.

Regarding procedural error, Montoya has shown the district court failed to account for § 5D1.1(c) in imposing supervised release and, therefore, committed clear or obvious error. *E.g., United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010) (straightforward misapplication of Guidelines constitutes clear or obvious error).  But Montoya fails to show this error affected his substantial rights.

Imposition of supervised release under § 5D1.1(c) is discretionary. *United States v. Dominguez-Alvarado*, 2012 WL 3985136, at *3 (5th Cir. 12 Sept. 2012). When applicable, supervised release should not be imposed absent a determination that "it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case". U.S.S.G. § 5D1.1, cmt. n.5. The district court's statements concerning Montoya's repeated immigration violations adequately explained why supervised release would provide "an added measure of deterrence and protection". *Id*.;

*Dominguez-Alvarado*, 2012 WL 3985136, at \*3 (particularized and case-specific statements justified supervised release).  Given that explanation, Montoya has not shown his substantial rights were affected.

Montoya also contends the district court committed procedural error by failing to give notice of its intended application of § 5D1.1(c), referring to the court's decision as a "departure".  The imposition of within-Guidelines supervised release, however, does not trigger departure analysis. *E.g., Dominguez-Alvarado*, 2012 WL 3985136, at \* 3 (imposition of within-Guidelines supervised release under § 5D1.1(c) not an upward departure).

Regarding substantive reasonableness, Montoya contends the district court erroneously failed to account for § 5D1.1(c)'s counseling against supervised release.  In imposing a sentence, failure to account for a factor that should receive significant weight constitutes error. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Again, in the light of the facts and circumstances of Montoya's case, the court imposed supervised release.  "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

AFFIRMED.

3