# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 15, 2012

Lyle W. Cayce
Clerk

No. 11-51135
c/w No. 11-51136
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO PEREZ-CALDERON, also known as Ricardo Morales Perez,

Defendant-Appellant

----------------------------------------------------------------------------------------

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO PEREZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1560-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51135 c/w
No. 11-51136

Ricardo Perez-Calderon challenges his concurrent 84-month sentences for illegal reentry and failure to register as a sex offender.  He asserts that the district court plainly erred in calculating a guidelines range of 77 to 96 months based on a determination that Perez was required to register as a Tier III sex offender.  According to Perez, the correct guidelines range was 70 to 87 months.

Even if Perez could show a clear or obvious error and that the correct range was 70 to 87 months, he fails to show that the error affected his substantial rights where his sentence falls within both ranges.  He relies upon the district court's statement that it was "going to assess a sentence in the middle of the Guidelines."  We have rejected a nearly identical argument.  *See United States v. Blocker*, 612 F.3d 413, 416-17 (5th Cir. 2010).  A "casual statement" by the district court does not establish the requisite reasonable probability that Perez would have received a lesser sentence under a lower range.  *Id.*  Accordingly, he fails to establish reversible plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Blocker*, 612 F.3d at 416-17.

AFFIRMED.