# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2013

No. 11-41406
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JORGE DE LA ROSA-RANGEL,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-758-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pursuant to his guilty plea, Jorge De La Rosa-Rangel was convicted for being an alien present in the United States after having been deported, in violation of 8 U.S.C. § 1326(a) and (b)(1), and received 19 months' imprisonment and three years' supervised release. Contesting his sentence, De La Rosa contends the district court: erred procedurally by imposing supervised release without explanation or notice of its intent to depart from Guideline § 5D1.1(c) (supervised release ordinarily not necessary for deportable alien); and imposed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a substantively unreasonable sentence by failing to consider or account for the Guideline.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Because De La Rosa failed, however, to present in district court his contentions regarding his sentence, review is only for plain error. *E.g.*, *United States v. Dominguez-Alvarado*, 695 F. 3d 324, 327 (5th Cir. 2012).  For reversible plain error, De La Rosa must show a clear or obvious error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  He fails to do so for each issue raised here.

Regarding the claimed procedural error, because the district court failed to account for § 5D1.1(c) in imposing supervised release, it committed clear or obvious error. *E.g.*, *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010) (straightforward misapplication of Guidelines constitutes clear or obvious error).

But, De La Rosa fails to show the error affected his substantial rights. Imposition of supervised release under § 5D1.1(c) is discretionary, and "departure analysis" is not triggered where, as here, the district court imposes supervised release within the statutory and advisory Guidelines sentencing range for the offense. *Dominguez-Alvarado*, 695 F.3d at 329.  The district court determined supervised release was warranted as an added measure of deterrence because De La Rosa had two illegal-reentry convictions. U.S.S.G. § 5D1.1(c) cmt.5

(supervised release may be imposed on deportable alien for added measure of deterrence).

Regarding substantive reasonableness, De La Rosa contends the court erroneously failed to account for § 5D1.1(c). Again, in the light of the facts and circumstances of De La Rosa's case, the court imposed supervised release. For the reasons stated above, including the supervised-release term's being within the statutory and advisory Guidelines sentencing range for the offense, De La Rosa does not show reversible plain error. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

AFFIRMED.