# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40892
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DANIEL HERRERA, Also Known as Daniel Lennys Herrera,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:12-CR-949-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

In June 2012, Daniel Herrera was deported from the United States to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40892

Honduras after serving a two-year sentence for conspiracy to commit robbery in violation of CONN. GEN. STAT. ANN. §§ 53a-48 and 53a-135. Three months later, after Border Patrol agents found him in Texas, he pleaded guilty of being found unlawfully present in the United States after deportation in violation of 8 U.S.C. § 1326. Because of his Connecticut conviction, the district court—without objection from Herrera—applied a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for a prior "crime of violence" ("COV"). Herrera appeals his sentence, claiming that the court plainly erred when it applied the enhancement. We affirm.

Because Herrera did not object, we review the enhancement only for plain error. This leaves Herrera with a fatally difficult burden: He must establish that (1) the district court erred; (2) the error was plain; (3) the plain error affected his substantial rights; and (4) we should exercise our discretion to correct the plain error because it seriously affects the fairness, integrity, or public reputation of judicial proceedings.[1] We have serious doubts that Herrera's appeal could survive any of the prongs of plain-error review,[2] but we leave those questions open: It is sufficient that he has presented no substantial showing that the fourth prong is met.

---

[1] *See Puckett v. United States*, 556 U.S. 129, 134–35 (2009); *United States v. Compian-Torres*, 712 F.3d 203, 206 (5th Cir. 2013); *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010).

[2] As to the first prong, the government presents a compelling argument that, under the modified categorical approach, the prior crime is a COV under § 2L1.2(b)(1)(A)(ii), citing *Descamps v. United States*, 133 S. Ct. 2276, 2281–82 (2013). As to the second, accepting Herrera's argument would require not just one but two novel expositions of the law relating to the scope of the phrase "COV" as applied here. As to the third, the district court seemed to say that it would have applied the same sentence that it gave here even if it were misinterpreting the guidelines. *Cf. United States v. Richardson*, 713 F.3d 232, 234, 237 (5th Cir.), *cert. denied*, 134 S. Ct. 230 (U.S. 2013) (affirming in a non-plain-error-review case, stating, "The district court stated that even if its calculation under the Guidelines was incorrect, it would still impose the same sentence."). We do not flesh out the merits of these arguments, however.

No. 13-40892

Herrera's only contention to address the fourth prong is that the error resulted in a guidelines recommendation roughly thirty months longer than it should have. Yet, if that were enough in itself for a reversal on plain-error review, plain-error reversals would not be rare, as the law requires.[3]

So, the only argument presented on appeal in favor of finding prong four met is unavailing, which is enough for us to affirm. We add, however, that further argument likely would have been futile. As a matter of fact, Herrera did engage in a violent conspiracy to rob at least four victims wherein he and his co-conspirators used a Taser several times on at least one victim and physically assaulted the others. And they stole several hundred dollars from the victims. Whatever merit, then, there might have been in parsing the Connecticut statute to determine whether it *could hypothetically* be violated in such a way so that it would not constitute a COV, we cannot say that applying the enhancement here "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings."[4]

The judgment of sentence is AFFIRMED.

---

[3] *See United States v. Ellis*, 564 F.3d 370, 378–79 (5th Cir. 2009) ("Not every error that increases a sentence need be corrected by a call upon plain error doctrine. It bears emphasis that all defendants' appeals challenging a sentence rest on the practical premise that the sentence should be less. . . . And even if an increase in a sentence be seen as inevitably "substantial" in one sense it does not inevitably affect the fairness, integrity, or public reputation of judicial process and proceedings. [Such an argument] drains all content from the doctrine of plain error."); *United States v. Davis*, 602 F.3d 643, 652 (5th Cir. 2010).

[4] *Cf. Puckett*, 556 U.S. at 143 ("Given that he obviously did not cease his life of crime, receipt of a sentencing reduction for acceptance of responsibility would have been so ludicrous as itself to compromise the public reputation of judicial proceedings.").