# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40669
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ALBERTO HERNANDEZ-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-64-2

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Luis Alberto Hernandez-Garcia appeals the sentences imposed following his convictions of possessing with the intent to distribute cocaine and marijuana. *See* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B). He argues that the district court erred when, in calculating his advisory sentencing guidelines range, it imposed a two-level enhancement under U.S.S.G. § 3B1.1(c), based on his role as a manager of the criminal activity.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40669

In reviewing a sentence, we must ensure that the sentencing court "committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We review for clear error the district court's factual findings underlying its decision to apply a guidelines enhancement and review de novo its application and interpretation of the Guidelines. *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).

We review claims raised for the first time on appeal for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To prevail on plain-error review, a defendant must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights. *Id.* at 392. If those factors are established, the decision to correct the forfeited error is within our sound discretion, which we will not exercise unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Hernandez-Garcia contends that the information in the presentence report (PSR) pertaining to his recruitment of a co-defendant was unreliable. However, the PSR was based on information the Probation Officer obtained from Drug Enforcement Administration (DEA) investigative reports and interviews with the DEA case agent. It was sufficiently reliable to be considered for sentencing purposes. *See United States v. Manthei*, 913 F.2d 1130, 1137-38 (5th Cir. 1990).

Further, Hernandez-Garcia contends that the facts in the PSR, even if reliable, do not reflect that he acted on behalf of the criminal organization in a managerial capacity. However, the district court's factual findings are plausible based on the record as a whole. According to the PSR, Hernandez-Garcia recruited his co-defendant for the drug trafficking organization so it

could use his tractor-trailer to transport loads of controlled substances, monitored and gave directions to the driver of a load, provided payment for the driver of a load, assisted in coordinating delivery of a load, and demanded an explanation from the driver after certain loads were seized. The district court's conclusion that Hernandez-Garcia acted as a manager of at least one other participant in the relevant criminal conduct was not clearly erroneous. *See United States v. Brown*, 727 F.3d 329, 341 (5th Cir. 2013).

Finally, for the first time on appeal, Hernandez-Garcia argues that the district court misapplied the Guidelines when it enhanced his sentence pursuant to § 3B1.1(c). Because his offense involved at least five participants, Hernandez-Garcia contends that the district court's only options were to impose a three-level enhancement under § 3B1.1(b), or no enhancement at all.

Hernandez-Garcia has not shown reversible plain error. He has not cited any controlling Fifth Circuit precedent supporting his assertion. Generally, we will not find plain error if this court has not previously addressed an issue. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009). Although the plain reading of a Guideline may, in some cases, be sufficient to establish the existence of an apparent error, the Guideline in question reveals no such error. In any event, Hernandez-Garcia has not shown that the alleged error affected his substantial rights. Because the alleged error benefitted Hernandez-Garcia, he cannot show a reasonable probability that, but for the error, he would have received a shorter sentence. *See United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010).

AFFIRMED.