# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2014

Lyle W. Cayce
Clerk

No. 13-11155
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JARED STANLEY SWEET,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-252-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

The defendant in this case, Jared Stanley Sweet, pled guilty to possession of stolen mail in violation of 18 U.S.C. § 1708 and received a 15-month sentence. The district court imposed this sentence after calculating Sweet's sentencing guideline range based in part on a 6-level increase under U.S.S.G. § 2B1.1. Sweet argues that the 6-level increase resulted from the district court's misapplication of the presumption regarding the number of victims affected by Sweet's possession of stolen mail. Because Sweet did not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11155

object to the sentence imposed or to the district court's calculation of the guideline range, we review for plain error.[1]  Plain error does not arise unless the sentencing error affects the defendant's substantial rights.[2]

Citing our analysis in *United States v. Moore*, 733 F.3d 161, 164-67 (5th Cir. 2013), Sweet argues that he should have received a 4-level increase instead of a 6-level increase.  The government responds that even if Sweet is correct, the sentence actually imposed would nonetheless have fallen within the correctly calculated guideline range.  In other words, whereas Sweet's 15-month sentence falls at the bottom of the 15-to-21-month range calculated based on the 6-level increase actually applied by the district court, Sweet's sentence would have fallen in the middle of a 12-to-18-month range calculated based on the 4-level increase proposed by Sweet.  Sweet, who is represented by counsel, offers no rebuttal and does not dispute the government's alternative calculation.  Whether or not the government's alternative calculation is correct, therefore, Sweet has waived his opportunity to challenge it.[3]

Accordingly, Sweet's appeal is governed by the rule described in *United States v. Mudekunye*, 646 F.3d 281, 290 (5th Cir. 2011).  In that case, we explained that "when the correct and incorrect ranges overlap and the defendant is sentenced within the overlap, 'we do not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights.'"[4]  Sweet has neither identified any such evidence nor addressed the issue in his brief.  The district court must therefore be AFFIRMED.

AFFIRMED.

---

[1] *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

[2] *Id.* at 392.

[3] *See Morris v. Livingston*, 739 F.3d 740, 752 (5th Cir. 2014) (citing *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)).

[4] *Mudekunye*, 646 F.3d at 290 (quoting *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010))(italics omitted).