# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50157
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE PATRICIO IBARRA-LARA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-614-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Patricio Ibarra-Lara appeals his 30-month above-advisory Sentencing Guidelines sentence, imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. Ibarra asserts the district court committed error when it assigned two criminal-history points because the illegal reentry offense was committed while Ibarra was under a criminal justice sentence of probation.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-50157

Because Ibarra failed to raise this objection in district court, our review is only for plain error. *E.g., United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).   Under that standard, Ibarra must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

As the Government concedes, the two points were assessed in error, and the error was clear or obvious.  *E.g., United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010).  Nevertheless, the error does not warrant reversal.

Regarding whether the error affected Ibarra's substantial rights, although he was sentenced above an incorrectly calculated advisory Guidelines range, the court explained the above-Guidelines sentence reflected the seriousness of the offense.  It emphasized Ibarra had returned to the United States despite previously serving 24-months' imprisonment for illegal reentry and concluded that nothing short of a 30-month sentence would prevent Ibarra from reoffending.  (In that regard, Ibarra concedes it is unlikely the district court would have imposed a sentence of less than 24 months.)  "[W]e are skeptical that [Ibarra] has met his burden of showing a reasonable probability that, but for the district court's consideration of the incorrect advisory range, his sentence would have been lower".  *United States v. Davis*, 602 F.3d 643, 650 (5th Cir. 2010).  In the alternative, based on the facts of this case, we decline to exercise our discretion to remand.  *E.g., id.* at 650-51.

AFFIRMED.