# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-30342
Summary Calendar

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID E. COX,

Defendant-Appellant

————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-104

————

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2015

Lyle W. Cayce
Clerk

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

David E. Cox appeals the concurrent 37-month sentences imposed following his guilty plea convictions for two counts of possession of a firearm by a convicted felon. Cox argues that the district court committed procedural error in imposing an upward departure under U.S.S.G. § 4A1.3. Cox's presentence report calculated a guidelines range using a Category IV criminal history score, and Cox argues that the court failed to explain why a Category

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30342

V criminal history score was inadequate when it departed to a range based on a Category VI criminal history score. Because Cox did not present this argument to the district court, we review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Section 4A1.3(a)(1) provides that, where "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that [he] will commit other crimes, an upward departure may be warranted." Though the district court did not explicitly state its reasons for rejecting a guidelines range with a Category V criminal history score, the court gave extensive reasons that made clear why it found the intermediate Category V score inadequate. Thus, Cox does not show clear or obvious error. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 348 n.2 (5th Cir. 2006). Moreover, even if the error was clear or obvious, Cox does not show a reasonable probability that he would have received a lesser sentence but for the district court's lack of explanation. *See United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.